# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00285-CV

Texas Comptroller of Public Accounts, Appellant

v.

Walker Electric Company, LLC; Walker's Electric Company;
Walkers Electric Company; Calvin G. Walker; and Stacy Walker,[1] Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-12-003613, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

# MEMORANDUM OPINION

Appellant Texas Comptroller of Public Accounts challenges the trial court's interlocutory order denying the Comptroller's plea to the jurisdiction. In the underlying suit, Walker Electric complains about the Comptroller's order barring Walker Electric from contracting with state agencies and local governmental entities. The Comptroller asserts that Walker Electric's pleadings either fail to invoke a valid waiver of sovereign immunity or do not present a justiciable controversy. We reverse the trial court's order denying the Comptroller's plea to the jurisdiction and render judgment dismissing Walker Electric's claims for want of jurisdiction.

---

[1] We refer to the appellees collectively as "Walker Electric."

**REGULATORY AND FACTUAL BACKGROUND**

The Comptroller is responsible for purchasing goods and services for state agencies. *See generally* Tex. Gov't Code §§ 2155.001–.327.**²** Furthermore, local governmental entities such as school districts can voluntarily participate in the Comptroller's purchasing program in lieu of adopting their own purchasing processes. *See* Loc. Gov't Code §§ 271.081–.083. Generally, government purchases must be accomplished through competitive bidding, and the Comptroller has the authority to adopt rules to administer both competitive and non-competitive bidding processes. *See* Tex. Gov't Code §§ 2155.0012, .063.

As part of this procurement process, the Comptroller is required to create and maintain a "Centralized Master Bidders List" (the List) of vendors who are registered to bid on state contracts. *See generally id.* §§ 2155.261–.270. Generally, state agencies must solicit bids from vendors on the List for all purchases over $15,000 unless the agency obtains a waiver from the Comptroller. *See id.* §§ 2155.264, .269. Furthermore, the Comptroller can certify a given vendor as a "Historically Underutilized Business," *see id.* § 2161.001, and state agencies or their general contractors are required to make a "good faith effort" to use historically underutilized businesses for state projects, *see id.* §§ 2161.252–.253.

Separate and apart from maintaining the List and certifying historically underutilized businesses, the Comptroller has the authority to completely bar vendors from participating in state

---

**²** These functions were previously performed by the now defunct General Services Commission. The legislature transferred these functions to the Comptroller, and any references in chapter 2155 of the Government Code to "the commission" is interpreted as referring to the Comptroller. *See* Tex. Gov't Code § 2155.0011.

contracts for up to five years through a process called "debarment." *See id.* § 2155.077; *see also* 34 Tex. Admin. Code § 20.105 (2005) (Tex. Comptroller of Pub. Accounts, Debarment). The Comptroller can debar vendors for various reasons, including, as allegedly relevant here, fraud. Tex. Gov't Code § 2155.077(a)(3). Ancillary effects of debarment are that a vendor is removed from the List and the vendor's certification as a historically underutilized business is revoked. *See* 34 Tex. Admin. Code § 20.34(d)(3) (2008) (Tex. Comptroller of Pub. Accounts, Centralized Master Bidders List) (noting that vendor can be removed from List for conduct that would support debarment under Tex. Gov't Code § 2155.077).

According to Walker Electric's pleadings and exhibits, the Comptroller learned that appellee Calvin G. Walker—the sole owner of Walker Electric Company, LLC; Walker's Electric Company; and Walkers Electric Company—entered into a plea agreement with the Internal Revenue Service (IRS). Mr. Walker pleaded guilty to not timely paying income taxes. *See* 26 U.S.C. § 7203 (making willful failure to pay tax a misdemeanor offense). As part of the plea agreement, Mr. Walker admitted to altering bids from third-party contractors to look like invoices and then submitting those documents to the Beaumont Independent School District in connection with Walker Electric, LLC's project for the school district. According to Mr. Walker's admission, these altered bids included invoices for materials used in other projects, with the implication that he charged the school district for materials that were not used in its project.

Based on this plea agreement, the Comptroller began a debarment investigation of Walker Electric to determine if Walker Electric had committed fraud or material misrepresentations during the course of performing a contract with a state agency. *See* Tex. Gov't Code

3

§ 2155.077(a)(2)–(3); 34 Tex. Admin. Code §§ 20.105(a)(1) (authorizing Comptroller to investigate allegations that may constitute cause for debarment), .106(a) (2007) (Tex. Comptroller of Pub. Accounts, Procedures for Investigations and Debarment) (requiring Comptroller to notify vendor of investigation). Walker Electric filed a response, asserting that Mr. Walker did not plead guilty to tax fraud. *See* 34 Tex. Admin. Code § 20.106(c) (requiring vendor to submit written response within ten days of receiving notice of investigation). The Comptroller informed Walker Electric that Mr. Walker's admission to invoicing Beaumont Independent School District for "materials [that] were never delivered" constituted fraudulent behavior in the performance of a government contract. *Id.* § 20.106(e) (requiring Comptroller to make findings and order debarment within ninety days of date that notice was sent to vendor). Therefore, the Comptroller debarred Walker Electric for a period of five years. *See id.* § 20.105(d)(5) (allowing Comptroller to debar vendor for five years based on "conviction of a crime related to fraud in the procurement or performance of any governmental contract").

Walker Electric filed a request for review, asserting again that Mr. Walker did not plead guilty to fraud. *See id.* § 20.107(a) (2005) (Tex. Comptroller of Pub. Accounts, Request for Review) (allowing vendor to submit written request for review of debarment finding to Comptroller within ten days of being notified of finding). Walker Electric also argued that although Mr. Walker admitted that some of the documents filed with the Beaumont Independent School District were altered, he did not admit to filing those documents with the school district, and noted that his wife had previously testified that she mailed those documents to the school district by mistake. As part of its request for review, Walker Electric requested a contested case hearing. The Comptroller

4

reviewed the record and, without conducting a contested case hearing, affirmed its findings and decision to debar Walker Electric. *See id.* § 20.107(c) (requiring Comptroller to issue decision on request for review within sixty days).

Walker Electric filed this underlying suit for judicial review of the Comptroller's order debarring it from state contracts. In its pleadings, Walker Electric asserts that (1) the Comptroller erred in failing to conduct a contested case hearing, (2) the Comptroller's decision is not supported by substantial evidence, (3) the Comptroller was acting beyond its authority, and (4) the Comptroller's decision violates Walker Electric's constitutional right to due process and due course of law. Walker Electric also sought declaratory judgment that (1) the Comptroller's application of its debarment rules to this case is inconsistent with chapter 2155 of the Government Code and (2) the Comptroller was acting beyond its authority in debarring Walker Electric for reasons not authorized by statute.

The Comptroller filed a plea to the jurisdiction, asserting that Walker Electric's pleadings either fail to invoke a valid waiver of sovereign immunity or do not present a justiciable controversy and that, therefore, the trial court lacks subject-matter jurisdiction to hear this case. The trial court denied the Comptroller's plea to the jurisdiction. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (allowing party to appeal interlocutory order granting or denying government's plea to the jurisdiction).

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that challenges the trial court's authority to determine the subject matter of a specific cause of action. *See Bland Indep. Sch. Dist. v. Blue*,

34 S.W.3d 547, 553–54 (Tex. 2000). Sovereign immunity from suit deprives a court of subject-matter jurisdiction and therefore is properly asserted in a plea to the jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The ultimate question of whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007).

When, as here, the plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally in favor of the plaintiff, and unless negated by sufficient evidence, we accept all allegations as true. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *Gattis v. Duty*, 349 S.W.3d 193, 200–01 (Tex. App.—Austin 2011, no pet.) ("Our ultimate inquiry is whether the plaintiff's pled and un-negated facts, taken as true, . . . affirmatively demonstrate a claim or claims within the trial court's subject matter jurisdiction."). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an incurable defect in jurisdiction, the plaintiff should be afforded the opportunity to amend his pleadings. *Miranda*, 133 S.W.3d at 226–27. However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction should be granted without allowing the plaintiff an opportunity to amend his pleadings. *Id.*

Some of the jurisdictional issues in this case turn on the interpretation of statutes, which itself is a question of law that we review de novo. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *Id.* at 631–32. In determining legislative intent, we first consider the plain language of the statute. *General Motors Corp. v. Bray*, 243 S.W.3d 678, 685

6

(Tex. App.—Austin 2007, no pet.). When statutory text is clear, it is determinative of legislative intent, unless enforcing the plain meaning of the statute's words would produce an absurd result. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Only when the statutory text is ambiguous "do we resort to rules of construction or extrinsic aids." *Shook v. Walden*, 304 S.W.3d 910, 917 (Tex. App.—Austin 2010, pet. denied) (internal quotations omitted); *see also Combs v. Metropolitan Life Ins. Co.*, 298 S.W.3d 793, 796–97 (Tex. App.—Austin 2009, pet. denied).

## DISCUSSION

In its plea to the jurisdiction, the Comptroller does not challenge any of the factual allegations in Walker Electric's pleadings. Rather, the Comptroller asserts that even if those allegations are true, Walker Electric's claims are either barred by sovereign immunity or fail to present a justiciable controversy. Thus, according to the Comptroller, Walker Electric has failed to demonstrate that the trial court has subject-matter jurisdiction to consider its claims.

"Texas law recognizes no right to judicial review of an administrative order unless (1) a statute provides the right, (2) the order adversely affects a vested property right, or (3) the order otherwise violates some constitutional right." *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 599 (Tex. 2001). Walker Electric's pleadings assert four theories under which it contends that it is entitled to judicial review. First, Walker Electric claims that the Administrative Procedures Act (APA) creates a general right to a contested case hearing as well as a right to judicial review of that contested case. Second, Walker Electric argues that the APA waives sovereign immunity for declaratory judgments challenging the validity of an agency rule. Third, Walker Electric

7

contends that it has asserted claims within the ultra vires exception to sovereign immunity and therefore can properly be brought under the Uniform Declaratory Judgment Act (UDJA). Finally, Walker Electric asserts that its constitutional due-process and due-course-of-law claims invoke the trial court's inherent authority for judicial review. We review each of these alleged bases for judicial review separately.

**Contested case hearing**

In its main argument both at trial and on appeal, Walker Electric asserts that the APA waives the state's sovereign immunity for these claims. Specifically, Walker Electric contends that the APA requires state agencies to conduct a contested case hearing before issuing any order that adversely affects an individual's rights. Furthermore, Walker Electric argues that because it was entitled to a contested case hearing, the APA provides it with a right to judicial review of the Comptroller's administrative decision. *See* Tex. Gov't Code § 2001.171.

The APA defines a contested case as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." *Id.* § 2001.003(1). "A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision *in a contested case* is entitled to judicial review" under the APA. *Id.* (emphasis added). The supreme court has held that section 2001.171 provides a limited right to judicial review of contested cases in which the state agency's enabling statute "neither specifically authorizes nor prohibits judicial review of the decision." *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 173 (Tex. 2004); *see also Coastal Habitat Alliance v. Public Util.*

*Comm'n*, 294 S.W.3d 276, 281 (Tex. App.—Austin 2009, no pet.). However, for section 2001.171 to apply, the complained-of administrative decision must, by definition, be the result of a contested case. *See McAllen Hosps., L.P. v. Suehs*, 426 S.W.3d 304, 314–15 (Tex. App.—Amarillo 2014, no pet.) (citing Tex. Gov't Code § 2001.171); *Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 123 (Tex. App.—Austin 2007, no pet.).

"[N]ot every dispute between an agency and another party constitutes a 'contested case' proceeding falling within the APA's provision regarding judicial review." *McAllen Hosps.*, 426 S.W.3d at 314. If an agency is not required to conduct a contested case hearing before issuing a given order, then section 2001.171 does not create a right to judicial review of that order. *Id.* "This Court has repeatedly held that, absent express statutory authority, the APA does not independently provide a right to a contested case hearing." *Texas Logos*, 241 S.W.3d at 123; *see also Texas Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887, 894 (Tex. App.—Austin 2014, no pet.) (concluding APA does not authorize judicial review of agency's decision not to promulgate rule). Walker Electric has not provided any argument as to why we should depart from this precedent. In the absence of any such argument, we cannot conclude that the APA itself creates a right to a contested case hearing. We therefore consider whether chapter 2155 of the Government Code or some administrative rule affords vendors the right to a contested case hearing before debarment. *See McAllen Hosps.*, 426 S.W.3d at 314 (noting that statute or agency rule can create right to contested case hearing).

Section 2155.077—the provision in the Government Code that gives the Comptroller the authority to debar vendors—does not purport to provide vendors with a right to a contested case

9

hearing. Rather, it states that the Comptroller "by rule shall: (1) state generally the reasons for which a vendor may be barred from participating in state contracts and the periods for which the vendor may be barred; and (2) prescribe the procedures under which the [Comptroller] will determine whether and how long a vendor will be barred." Tex. Gov't Code § 2155.077(c). Similarly, the administrative rules for debarment require only that a vendor be notified that the Comptroller is conducting an investigation, that the vendor be given an opportunity "to submit a *written* response" within ten days of notice of the investigation, and that the vendor be allowed to "submit a *written* request for review" to the Comptroller. *See* 34 Tex. Admin. Code §§ 20.105–.107 (emphasis added); *see also McAllen Hosp.*, 426 S.W.3d at 314 (noting that Texas Health and Human Service Commission's rules regarding recoupment of funds from hospitals do not afford right to contested case hearing). Thus, neither the statute nor the administrative rules provide vendors with a right to a contested case hearing in connection with debarment, and Walker Electric therefore was not entitled to such a hearing in this case. *See Texas Logos*, 241 S.W.3d at 123.

Because neither the statutes nor the rules relating to debarment provide Walker Electric with a right to a contested case hearing, section 2001.171 of the APA does not afford Walker Electric the right to judicial review of a debarment order. *See McAllen Hosps.*, 426 S.W.3d at 314–15. Therefore, we conclude that Walker Electric's pleadings regarding the Comptroller's failure to conduct a contested case hearing do not invoke a valid waiver of sovereign immunity.

**Validity of administrative rule**

Walker Electric also asserts that the Comptroller's rule defining grounds for debarment is invalid because it is inconsistent with the debarment statute. Specifically, Walker Electric claims

10

that section 2155.077(a)(3) of the Government Code authorizes the Comptroller to debar a vendor only for fraud relating to a contract with the state, while rule 20.105(d)(5) authorizes debarment for conviction of fraud relating to *any* governmental contract, regardless of whether it was a contract with the state or a federal or local governmental entity. *Compare* Tex. Gov't Code § 2155.077(a)(3), *with* 34 Tex. Admin. Code § 20.105(d)(5). According to Walker Electric, section 2001.038 of the APA waives the state's sovereign immunity for Walker Electric's declaratory judgment action seeking to invalidate rule 20.105. *See* Tex. Gov't Code § 2001.038.

Section 2001.038 of the APA allows a party to seek declaratory relief challenging the "validity or applicability of a rule . . . if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." *Id.* We have interpreted this section as a waiver of sovereign immunity. *See Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 744 (Tex. App.—Austin 2014, pet. filed). "However, section 2001.038, like other causes of action, requires the existence of a justiciable controversy to establish the district court's subject-matter jurisdiction." *Texas Logos*, 241 S.W.3d at 123. Therefore, if invalidating an agency rule would not redress a plaintiff's complained-of injury, then any opinion by the trial court or this Court regarding the validity of that rule "would amount to a mere abstract advisory opinion." *Id.* at 123–24; *see also Texas Music Library & Research Ctr. v. Texas Dep't of Transp.*, No. 13-13-00600-CV, 2014 WL 3802992, *9 (Tex. App.—Corpus Christi July 31, 2014, pet. filed) (mem. op.) (concluding that library's claim that APA rule was invalid would not entitle library to receive government funds, and that therefore APA claim would not redress library's alleged injuries).

11

In this case, Walker Electric asserts that rule 20.105 is invalid because it authorizes debarment for fraud committed against any governmental entity, whereas the Government Code authorizes debarment only for fraud committed against the state or state agencies. *Compare* Tex. Gov't Code § 2155.077(a)(3), *with* 34 Tex. Admin. Code § 20.105(d)(5). As we discuss below, there is nothing in the plain language of the Government Code that indicates a vendor can only be debarred for fraud committed against the state. However, even if Walker Electric could ultimately prove that rule 20.105 is inconsistent with the Government Code and therefore invalid, that still would not entitle Walker Electric to overturn the Comptroller's debarment order.

As discussed above, Walker Electric does not have a right to judicial review of the Comptroller's debarment order, and Walker Electric's attempt to invalidate an agency rule would not vitiate the debarment order. *See Texas Logos*, 241 S.W.3d at 123–24 ("The relief provided under section 2001.038 does not extend to invalidating" agency's orders); *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex. App.—Austin 2002, pet. denied) (concluding that party lacked standing to bring APA rule challenge when underlying controversy was extinguished by complaining party's failure to exhaust administrative remedies). Because Walker Electric's complaint about rule 20.105 would not redress its complained-of injury, Walker Electric's request for declaratory relief under section 2001.038 of the APA would be merely advisory. Therefore, Walker Electric's challenge to rule 20.105 does not present a justiciable controversy, and the trial court lacked subject-matter jurisdiction to consider that complaint. *See Texas Logos*, 241 S.W.3d at 123–24.

**Ultra vires**

Walker Electric also seeks a declaratory judgment that the Comptroller was acting beyond its statutory authority in barring Walker Electric from participating in state contracts. Specifically, Walker Electric argues that section 2155.077 of the Government Code authorizes the Comptroller to debar vendors only for fraud committed against the state or a state agency. Given that the alleged fraud in this case involved a local school district, Walker Electric asserts that its alleged wrongdoing cannot form the basis for debarring it from state contracts. Therefore, according to Walker Electric, the Comptroller exceeded its authority in debarring Walker Electric for a reason not authorized by statute.

A suit seeking to compel a governmental official "to comply with statutory or constitutional provisions"—i.e., an "ultra vires" suit—is not barred by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Suits alleging ultra vires or unconstitutional conduct by a governmental official are not barred by sovereign immunity because they "do not seek to alter government policy but rather to enforce existing policy." *Id.* "If a plaintiff alleges only facts demonstrating acts within the officer's legal authority and discretion, the claim seeks to control state action," is not a valid ultra vires claim, "and is barred by sovereign immunity." *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515–16 (Tex. App.—Austin 2010, no pet.). Therefore, in determining whether Walker Electric's ultra vires claim is excepted from sovereign immunity, we must determine whether the facts that Walker Electric alleges, taken as true, would constitute ultra vires conduct.

13

Relevant here, the Government Code states that the Comptroller may bar a vendor from participating in state contracts for:

(1)　　substandard performance under a contract with the state or a state agency;

(2)　　material misrepresentations in a bid or proposal to the state or a state agency or during the course of performing a contract with the state or a state agency;

(3)　　*fraud*; or

(4)　　breaching a contract with the state or a state agency.

Tex. Gov't Code 2155.077(a) (emphasis added).

There is nothing in the above language that indicates the Comptroller can only bar a vendor for fraud committed against the state or a state agency. *See id.* § 2155.077(a)(3); *General Motors,* 243 S.W.3d at 685 (noting that courts consider statute's plain language in determining legislative intent). In fact, fraud is the only ground for debarment listed in the statute that does not necessarily involve some prior or ongoing contractual relationship between the vendor and the state. *Compare* Tex. Gov't Code § 2155.077(a)(3), *with id.* § 2155.077(a)(1)–(2), (4). Walker Electric does not assert that section 2155.077(a) is ambiguous, nor does it explain why the fraud envisioned in the statute must be committed against the state or state agencies. Based on the plain language of the statute, we conclude that the Comptroller can bar a vendor upon finding that the vendor has committed fraud, regardless of whether that fraud was committed against the state. *See Entergy Gulf States*, 282 S.W.3d at 437 (noting that when statutory text is clear, it is determinative).

14

Therefore, even if the facts that Walker Electric pleaded are true—i.e., the Comptroller debarred Walker Electric for a conviction involving fraud against a local school district—there is nothing in the language of section 2155.077 to indicate that such a decision was beyond the authority of the Comptroller. Thus, Walker Electric's pleadings fail to allege a valid ultra vires claim. *See Creedmoor-Maha Water Supply*, 307 S.W.3d at 515–16. Because this claim instead seeks to control state action—the Comptroller's exercise of her lawful discretion—it is barred by sovereign immunity. *Id.*

Furthermore, Walker Electric does not assert any additional factual assertions or legal arguments that could arguably raise a valid ultra vires claim. It also concedes that there are no additional facts or arguments that it should be allowed to replead should we hold that it has failed to allege a valid ultra vires claim. Therefore, we conclude that Walker Electric's pleadings affirmatively negate the existence of jurisdiction as to this claim, and the trial court should have granted the Comptroller' plea to the jurisdiction on this issue without allowing Walker Electric an opportunity to amend its pleadings. *See Miranda*, 133 S.W.3d at 226–27.

**Due process and due course of law**

Finally, Walker Electric's pleadings assert that the Comptroller's debarment order violates Walker Electric's constitutional rights to due process and due course of law. *See generally* U.S. Const. amend. XIV, § 1 (Due Process Clause); Tex. Const. art. I, § 19 (affording citizens right to due course of law). Specifically, Walker Electric contends that due process requires that it be afforded a contested case hearing before the Comptroller barred it from participating in state

15

contracts. Therefore, Walker Electric asserts that the trial court had implicit jurisdiction to review the Comptroller's debarment order because that order violates Walker Electric's constitutional rights.

"When the Legislature remains silent or denies a right to judicial review, administrative decisions may nevertheless be attacked in court if they adversely affect a vested property right or otherwise violate some provision of the State or Federal Constitution." *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 404 (Tex. 2000) (internal citations omitted). However, Walker Electric can raise its due-process and due-course-of-law claims only if the complained-of administrative action impaired Walker Electric's vested property right. *See Scott v. Alphonso Crutch LSC Charter Sch., Inc.*, 392 S.W.3d 165, 170 (Tex. App.—Austin 2010, pet. denied) (mem. op.) (noting that constitutional challenge to agency order based on takings claim and due process claim require vested property right). "A right is 'vested' when it has some definitive, rather than potential, existence." *Id.* (internal citations omitted). If the Comptroller's debarment order does not affect Walker Electric's vested property rights, then Walker Electric has failed to plead a valid due-process or due-course-of-law claim and, therefore, has failed to invoke the trial court's inherent authority to judicial review. *See Creedmoor-Maha Water Supply*, 307 S.W.3d at 525–26.

In this case, Walker Electric asserts that the Comptroller's debarment order deprives it of the right to contract with the state in the future. However, Walker Electric does not assert that the Comptroller's debarment order affected any ongoing contracts or projects that Walker Electric had been awarded. A vendor does not have a vested property right to contract with the state, and any expectation or hope of obtaining future contracts with the state, its agencies, or local governmental

16

entities is purely a potential or contingent right. *See Texas Logos*, 241 S.W.3d at 116–17 (noting that vendor did not have vested property right in potential award of state contract).

Therefore, Walker Electric has failed to allege that the Comptroller's debarment order impairs a vested property right. *See Scott*, 392 S.W.3d at 170. Because Walker Electric's pleadings fail to identify some vested property right, Walker Electric has not alleged a valid due-process or due-course-of-law claim and, thus, has failed to invoke the trial court's inherent authority for judicial review. *See Creedmoor-Maha Water Supply*, 307 S.W.3d at 526.

## CONCLUSION

Having determined that Walker Electric's claims either fail to invoke a valid waiver of sovereign immunity or fail to present a justiciable controversy, we conclude that the trial court erred in denying the Comptroller's plea to the jurisdiction. Furthermore, we conclude that Walker Electric's pleadings affirmatively negate the existence of subject-matter jurisdiction, and therefore Walker Electric should not be afforded the opportunity to replead. Thus, we reverse the trial court's order denying the Comptroller's plea to the jurisdiction and render judgment dismissing Walker Electric's claims for want of jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Reversed and Dismissed

Filed:   November 21, 2014

17