ACCEPTED
03-15-00285-CV
6498582
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/14/2015 10:40:14 AM
JEFFREY D. KYLE
CLERK

**CAUSE NO. 03-15-00285-CV**

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/14/2015 10:40:14 AM
JEFFREY D. KYLE
Clerk

**Volkswagen Group of America, Inc. and Audi of America, Inc. of Texas**
*Appellants,*

**v.**

**John Walker III, in his official capacity as Chairman of the Texas Department of Motor Vehicles Board, and the Honorable Michael J. O'Malley and the Honorable Penny A. Wilkov, in their official capacities as Administrative Law Judges for the State Office of Administrative Hearings**
*Appellees.*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Honorable Amy Clark Meachum, Presiding Judge

**BRIEF OF APPELLEES O'MALLEY AND WILKOV**

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SHELLEY DAHLBERG
Associate Deputy Attorney General for
Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

August 14, 2015

KIMBERLY L. FUCHS
State Bar No. 24044140
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167

ATTORNEYS FOR APPELLEES
THE HONORABLE MICHAEL J. O'MALLEY
AND THE HONORABLE PENNY A. WILKOV

## REFERENCE TO THE PARTIES

Appellants, Volkswagen Group of America, Inc. and Audi Group of America, Inc., will be referred to as "Audi." Appellee John Walker III will be referred to as "Walker." Appellee Budget Leasing and Appellees Ricardo M. Weitz, Hi Tech Imports North, LLC, Hi Tech Imports South, LLC, and Hi Tech Imports, LLC, will be referred to collectively as "Intervenors." Appellees Michael J. O'Malley and Penny A. Wilkov will be referred to as "SOAH ALJs."

## REFERENCES TO THE RECORD

Clerk's record will be referenced as:  C.R. [Page]

Appendix will be referenced as:  App. [Letter]

# TABLE OF CONTENTS

Reference to the Parties..................................................................................... ii

References to the Record ................................................................................. ii

Table of Contents ........................................................................................... iii

Table of Authorities .........................................................................................v

Statement of the Case..................................................................................... vii

Statement Regarding Oral Argument ........................................................... vii

Statement Regarding Oral Argument ........................................................... vii

Issues Presented ........................................................................................... viii

1.    Response to Audi's issue 1: The trial court did not err in finding Audi had
      failed to state a proper *ultra vires* claim capable of overcoming Defendants'
      entitlement to immunity and granting Defendants O'Malley and Wilkov's
      plea to the jurisdiction ................................................................. viii

2.    Response to Audi's issue 2: The trial court did not err in dismissing Audi's
      case because no proper *ultra vires* claim was asserted, and Audi has the
      opportunity to challenge the remand through a suit brought under the APA
      after exhaustion of administrative remedies............................... viii

Statement of Facts.............................................................................................1

Summary of the Argument................................................................................2

Argument...........................................................................................................3

I.    The trial court did not err in finding Audi had failed to state a proper *ultra
      vires* claim capable of overcoming Defendants' entitlement to immunity and
      granting Defendants O'Malley and Wilkov's plea to the jurisdiction ............3

      A.    Audi has not stated a proper *ultra vires* claim ......................................3

            1.    None of the cases cited by Audi involve cases on remand.........4

            2.    SOAH's interpretation of Rule 155.153 must be given
                  deference ...............................................................................5

B.     Audi cannot overcome the SOAH ALJs entitlement to sovereign immunity ................................................................................................5

C.     The trial court was correct in deciding the plea to the jurisdiction without looking at additional evidence .................................................7

II.     The trial court did not err in dismissing Audi's case because no proper *ultra vires* claim was asserted, and Audi has the opportunity to challenge the remand through a suit brought under the APA after exhaustion of administrative remedies .................................................................................9

A.     Immunity and the exhaustion requirement are not waived if no proper *ultra vires* claim is pled ........................................................................9

B.     Even if a proper *ultra vires* claim is pled, sovereign immunity is only waived for claims for prospective injunctive relief ..............................9

C.     Audi's claims are properly brought in a suit for judicial review after exhaustion of administrative remedies ...............................................11

Conclusion and Prayer ................................................................................................11

Certificate of Compliance .........................................................................................133

Certificate of Service ..................................................................................................13

iv

# TABLE OF AUTHORITIES

**CASES**

*Andrade v. NAACP of Austin*,
345 S.W.3d 1 (Tex. 2011)..................................................................................8

*City of El Paso v. Heinrich,*
284 S.W.3d 366 (Tex. 2009)........................................................... 3, 9, 10

*Coastal Habitat Alliance v. Pub. Util. Comm'n of Tex.*,
294 S.W.3d 276 (Tex. App.—Austin 2009, no pet.)..................................6

*Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*,
307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.)..................................8

*Hendee v. Dewhurst*,
228 S.W.3d 354 (Tex. App.—Austin 2007, pet. denied) ..........................7

*KEM Tex., Ltd. v. Tex. Dep't of Transp*.,
No. 03-08-00468-CV, 2009 WL 1811102
(Tex. App.—Austin Jun. 26, 2009, no pet.)..............................................6

*Klumb v. Houston Mun. Emps. Pension Sys.*,
405 S.W.3d 204 (Tex. App.—Houston [1st Dist.] 2013).........................8

*N. Alamo Water Supply Corp. v. Tex. Dep't of Health*,
839 S.W.2d 455 (Tex. App.—Austin 1992, writ denied)
*aff'd* 458 S.W.3d 1 (Tex. 2015) ...............................................................6

*State v. Sledge*,
36 S.W.3d 152 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) .......6

*Sw. Pharmacy Solutions, Inc. v. Tex. Health and Human Servs. Comm'n*,
408 S.W.3d 549 (Tex. App.–Austin 2013, pet. denied) ...........................5

*Westheimer Indep. Sch. Dist. v. Brockette*,
567 S.W.2d 780 (Tex. 1978)......................................................................5

**STATUTES**

**Tex. Gov't Code**

Tex. Gov't Code § 2001.171.................................................................................10

Tex. Gov't Code § 2001.174(2)(A) .......................................................................11

**STATE OFFICE OF ADMINISTRATIVE HEARINGS ORDERS[1]**

*In the Matter of Ricardo M. Weitz, et al. v. Volkswagen Group of America, Inc., et al.*, SOAH Docket No. 0608-13-4599.LIC, Remand Order No. 15 (Jun. 16, 2015) .....................................................................................................................10

**RULES**

1 Tex. Admin. Code § 155.153 (2008) ....................................................................9

Tex. R. Civ. P. 329b..............................................................................................5

---

[1] Proposal for decisions and orders of the State Office of Administrative Hearings are available on the internet at: http://www.soah.state.tx.us/PFDSearch/Search.asp and Westlaw©.

## STATEMENT OF THE CASE

*Nature of the case:*      Audi filed suit against ALJs Michael J. O'Malley and Penny A. Wilkov and Department of Motor Vehicles (DMV) Chairman John Walker III. In its lawsuit, Audi alleged Defendants committed *ultra vires* acts by remanding a case to the State Office of Administrative Hearings (SOAH). Budget Leasing and Appellees Ricardo M. Weitz, Hi Tech Imports North, LLC, Hi Tech Imports South, LLC, and Hi Tech Imports, LLC intervened in the case. After the trial court denied Audi's request for a temporary restraining order, Defendants filed pleas to the jurisdiction, asserting that Audi had failed to state proper *ultra vires* claims against any of the Defendants and had failed to overcome Defendants' entitlement to immunity.

*Trial court:*      201st Judicial District Court, Travis County, Texas; The Honorable Judge Amy Clark Meachum, presiding.

*Trial court disposition:*      The trial court granted Defendants O'Malley and Wilkov's Plea to the Jurisdiction and Defendant Walker's Plea to the Jurisdiction, dismissing the case.

## STATEMENT REGARDING ORAL ARGUMENT

Defendants O'Malley and Wilkov take the position that oral argument is not necessary in this case, but requests the right to make an argument should oral argument be granted.

## ISSUES PRESENTED

1.  Response to Audi's issue 1: The trial court did not err in finding Audi had failed to state a proper *ultra vires* claim capable of overcoming Defendants' entitlement to immunity and granting Defendants O'Malley and Wilkov's plea to the jurisdiction.

2.  Response to Audi's issue 2: The trial court did not err in dismissing Audi's case because no proper *ultra vires* claim was asserted, and Audi has the opportunity to challenge the remand through a suit brought under the APA after exhaustion of administrative remedies.

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

**Volkswagen Group of America, Inc. and Audi of America, Inc. of Texas**
*Appellants,*

**v.**

**John Walker III, in his official capacity as Chairman of the Texas Department of Motor Vehicles Board, and the Honorable Michael J. O'Malley and the Honorable Penny A. Wilkov, in their official capacities as Administrative Law Judges for the State Office of Administrative Hearings**
*Appellees.*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Honorable Amy Clark Meachum, Presiding Judge

**BRIEF OF APPELLEES O'MALLEY AND WILKOV**

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

**STATEMENT OF FACTS**

This case stems from a contested case proceeding involving Audi and the intervenors. The contested case was referred to the State Office of Administrative Hearings (SOAH) by the Department of Motor Vehicles (DMV). C.R. 117-148. The underlying dispute involves the sale of two auto dealerships. C.R. 367-369. After a hearing, SOAH issued a proposal for decision (PFD), agreeing with Audi that the

intervenors were not currently qualified buyers, but setting out the conditions that the buyers would need to meet to become qualified. C.R. 399-502.

The DMV did not enter a final decision based on the PFD, but rather dismissed the case for failure to comply with procedural requirements. C.R. 503-505. On motion for rehearing, the DMV set aside its dismissal and remanded the case to SOAH for a finding on whether the procedural requirements were, in fact, met. C.R. 168-169.

The only issue in this case is based on Audi's claim that Chairman Walker committed an *ultra vires* act by remanding a case to SOAH and that the SOAH ALJs committed an *ultra vires* act by accepting a remand from the DMV and conducting procedures in accordance with it.

## SUMMARY OF THE ARGUMENT

Audi alleges the ALJs violated SOAH procedural Rule 155.153 by accepting a case remanded to them by the DMV. The rule at issue states that an Administrative Law Judge may reopen evidence in a case if the PFD has not issued. ALJs regularly accept cases remanded to them, and that rule has never been interpreted by SOAH or a court to prevent ALJs from reopening the record on remand. The ALJs have not committed *ultra vires* acts, and Audi's claim fails on its face. Audi is also requesting retroactive relief, and such relief is barred by qualified immunity. Because no proper *ultra vires* claim was stated, Audi is required to exhaust its

2

administrative remedies before complaining about the SOAH ALJs' orders in district court. The trial court rightly granted the Plea to the Jurisdiction.

## ARGUMENT

**I.    The trial court did not err in finding Audi had failed to state a proper *ultra vires* claim capable of overcoming Defendants' entitlement to immunity and granting Defendants O'Malley and Wilkov's plea to the jurisdiction.**

**A.    Audi has not stated a proper *ultra vires* claim.**

Audi has not stated a valid cause of action against SOAH. Although Audi mischaracterizes its complaint against the SOAH ALJs as an *ultra vires* claim, its own pleadings fail to identify any actions that the SOAH ALJs have taken that could be properly characterized as *ultra vires*. An *ultra vires* act occurs when an official acts without constitutional or statutory authority, or in violation of the constitution or a statute. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009). Audi's claim against the SOAH ALJs is simply an allegation that they violated a procedural rule, SOAH Rule 155.153, by accepting a case remanded to SOAH by the DMV.

SOAH has always interpreted Rule 155.153 to mean it cannot take new evidence concerning a Proposal for Decision that has already been issued. However, SOAH has also always interpreted Rule 155.153 to allow the taking of additional evidence in a remand proceeding in which a new supplemental or amended proposal for decision will be issued. This interpretation can only be an *ultra vires* act if Audi

3

can show that SOAH's interpretation of its own rule is inconsistent with its statutory authority. Audi has made no attempt to do so.

Audi asserts that Rule 155.153 provides an "express prohibition" on reopening the record if a PFD is issued. Brief at 46. In fact, Rule 155.153(d) does not prohibit anything. It simply gives SOAH ALJs the ability to reopen the record if new issues arise after the record has been closed, but before the ALJ has issued a proposal for decision. The rule does not address remands, and there is nothing in the text of the rule suggesting that SOAH does not have the authority to accept remands. In fact, the statutes cited by Audi show that SOAH does regularly accept remands. Brief at 22-23. Further, Texas Government Code section 2001.175(c) specifically authorizes a district court to order SOAH to consider evidence not already in the record. If Rule 155.153 was meant to prohibit remands except where explicitly authorized, it could have easily done so. But nothing in the Rule indicates it applies to remands at all.

### 1.    None of the cases cited by Audi involve cases on remand.

Audi argues that SOAH has consistently ruled that it cannot reopen cases once a Proposal for Decision has issued. However, none of the cases they cite are applicable, as none of them were on remand. A remand reopens a case, and will result in a new Proposal for Decision.

4

The process at SOAH is akin to the process in the court system. If a district court receives a request to reconsider an issue or admit new evidence outside of its plenary power, it cannot do so. Tex. R. Civ. P. 329b. However, if a case is remanded by an appellate court to develop the factual record, the trial court again has the ability to admit evidence and make rulings in a case.

### 2. SOAH's interpretation of Rule 155.153 must be given deference.

An agency is given deference to its interpretation of its own rules. *Sw. Pharmacy Solutions, Inc. v. Tex. Health and Human Servs. Comm'n*, 408 S.W.3d 549, 561 (Tex. App.–Austin 2013, pet. denied) (citing *R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water,* 336 S.W.3d 619, 629 (Tex. 2011)). It is certainly reasonable for SOAH to interpret its rule in a way that allows it to consider additional evidence in a remand proceeding when asked by an agency or a court. "Courts generally hold that administrative bodies are entitled to and should exercise the duties and functions conferred by statute without interference from the courts." *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978).

### B. Audi cannot overcome the SOAH ALJs entitlement to sovereign immunity.

As explained above, Audi failed to plead a proper cause of action. However, even if it had, it would also be required to demonstrate that the cause of action waives the state's immunity. "A party who sues the State must have an independent waiver

5

of immunity from suit for each claim in the suit." *State v. Sledge*, 36 S.W.3d 152, 156 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

Texas courts have held that it is not *ultra vires* for an agency to incorrectly interpret the law; thus, a claim based on this allegation will fail to waive sovereign immunity or confer jurisdiction upon the court and may also be held as redundant to a suit for judicial review. *See Coastal Habitat Alliance v. Pub. Util. Comm'n of Tex.*, 294 S.W.3d 276, 285 (Tex. App.—Austin 2009, no pet.); *N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 458-59 (Tex. App.—Austin 1992, writ denied) ("The fact that the [agency] might decide 'wrongly' in the eyes of an opposing party does not vitiate the agency's jurisdiction to make an initial decision."); *KEM Tex., Ltd. v. Tex. Dep't of Transp.*, No. 03-08-00468-CV, 2009 WL 1811102 (Tex. App.—Austin Jun. 26, 2009, no pet.)(mem. op.).

Although Audi recognizes SOAH does have the authority to accept remands in certain cases, it argues SOAH should have "honored" section 2001.058(e) of the APA by telling the Board that it only has the authority to change a finding, not issue a remand. Brief at 41-42. Audi has not explained how failing to handle the situation this way is an *ultra vires* act. Even if Audi's interpretation of the APA was correct,

the SOAH ALJ's decision to accept the remand from the DMV could be, at most, an incorrect decision, not an *ultra vires* act. [2]

As explained above, misinterpreting the law is not an *ultra vires* act, and sovereign immunity is not waived. Not only has Audi failed to show its interpretation of the APA is correct, but it has failed to state an *ultra vires* claim capable of overcoming immunity against the SOAH ALJs *even if* Audi's position were taken as true. At best, Audi has claimed the SOAH ALJs have misinterpreted the law in terms of the remand. This assertion is inadequate to state an *ultra vires* claim, and Audi has failed to waive the SOAH ALJs entitlement to sovereign immunity.

**C.** **The trial court was correct in deciding the plea to the jurisdiction without looking at additional evidence.**

In *Hendee v. Dewhurst*, the Third Court of Appeals clearly explained:

It is also well-established that where a trial court's jurisdiction depends upon whether a state official's acts are within her constitutional or statutory authority, such as when a plaintiff alleges *ultra vires* action to avoid sovereign immunity, the trial court may sometimes be able to decide the jurisdictional issue as a matter of law based on the pleadings by construing the constitutional and statutory provisions defining the actor's authority and ascertaining whether the acts alleged would exceed that authority.

---

[2] SOAH disagrees with Audi's interpretation of Government Code section 2001.058(e). That section merely sets out the criteria for an agency to change a finding of fact or conclusion of law, or to vacate or modify an order issued by a SOAH ALJ. That section does not otherwise limit the authority of a state agency, and specifically does not preclude an agency from remanding a contested case hearing to SOAH for further actions.

7

*Hendee v. Dewhurst*, 228 S.W.3d 354, 368 (Tex. App.—Austin 2007, pet. denied). Plaintiffs must plead facts that demonstrate the Defendants acted in contravention of constitutional or statutory authority or failed to perform a ministerial act; suits that seek to control discretionary decisions are barred. *See, e.g.*, *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 10-12 (Tex. 2011) (failure to plead viable constitutional claim bars suit against government entity); *Klumb v. Houston Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 224 (Tex. App.—Houston [1st Dist.] 2013) *aff'd* 458 S.W.3d 1 (Tex. 2015) (when "plaintiff's constitutional claim is facially invalid, the trial court must grant a . . . plea to the jurisdiction asserting governmental immunity"); *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515-16 (Tex. App.—Austin 2010, no pet.) ("if the plaintiff alleges only facts demonstrating acts within the officer's legal authority and discretion, the claim seeks to control state action, and is barred by sovereign immunity").

Here, Audi failed to state an *ultra vires* claim against the SOAH ALJs or overcome sovereign immunity as a matter of law, and additional evidence would not have aided the court in determining whether SOAH can accept a remand from the DMV, the only issue in the case against SOAH. The sole issue is whether the SOAH rules expressly prohibit remands and if so, whether the SOAH procedural rules can form the basis of an *ultra vires* claim. The issue is purely one of legal interpretation.

Audi's evidence, mainly related to the procedural history of the underlying case, is irrelevant to the very narrow issue here.

**II.    The trial court did not err in dismissing Audi's case because no proper *ultra vires* claim was asserted, and Audi has the opportunity to challenge the remand through a suit brought under the APA after exhaustion of administrative remedies.**

**A.    Immunity and the exhaustion requirement are not waived if no proper *ultra vires* claim is pled.**

For the reasons stated above, Audi's *ultra vires* claim against the SOAH ALJs is not proper.  In addition, the SOAH ALJs are immune to the type of relief requested by Audi.  Audi asks this Court to declare that the SOAH ALJs have committed *ultra vires* acts by 1) reopening the record; 2) considering untimely evidence; 3) conducting a remand hearing; and 4) conducting the remand procedure on a compressed schedule.  Brief at 39.  A judgment declaring these acts to be *ultra vires* would be barred by sovereign immunity.

**B.    Even if a proper *ultra vires* claim is pled, sovereign immunity is only waived for claims for prospective injunctive relief.**

As the state's waiver of immunity for *ultra vires* claims is limited to prospective injunctive relief, an order declaring this previous act to be *ultra vires* would be retrospective relief, and thus barred by sovereign immunity.  *City of El Paso v. Heinrich,* 284 S.W.3d at 376.

Rule 155.153 says:

(a) Judge's authority and duties. The judge shall have the authority and duty to:

9

(1) conduct a full, fair, and efficient hearing;
(2) take action to avoid unnecessary delay in the disposition of the proceeding;
(3) maintain order; and
(4) reopen the record when justice requires, if the judge has not issued a dismissal, proposal for decision, or final decision.

1 TEX. ADMIN. CODE § 155.153 (2008) (State Office of Admin. Hearings, Rules of Procedure

The rule only involves SOAH's ability to *reopen the record*. The record has already been reopened and closed again. State Office of Admin. Hearings, *In the Matter of Ricardo M. Weitz, et al. v. Volkswagen Group of America, Inc., et al.*, SOAH Docket No. 0608-13-4599.LIC, Remand Order No. 15 (Jun. 16, 2015) (remand order closing the record).[3] As the state's waiver of immunity for *ultra vires* claims is limited to prospective injunctive relief, an order declaring this previous act to be *ultra vires* would be retrospective relief, and thus barred by sovereign immunity. *City of El Paso v. Heinrich,* 284 S.W.3d at 376.

Audi has not stated a proper *ultra vires* claim, and its claim against the SOAH ALJs is redundant to a suit for judicial review. To complain about the SOAH ALJs' rulings, Audi must exhaust its administrative remedies before challenging those orders in district court.

Audi has a right to judicial review of the final decision that will be issued in the pending contested case, pursuant to section 2001.171 of the Administrative

---

[3] The second PFD was issued on August 13, 2015. The parties will now have the opportunity to file exceptions to the PFD in the SOAH case.

10

Procedure Act (APA). However, that right accrues only to a person "who is aggrieved by a final decision in a contested case" and "who has exhausted all administrative remedies." Tex. Gov't Code § 2001.171. Upon such a judicial review after the DMV issues its final decision in this case, section 2001.174 of the APA provides for reversal or remand of a decision in a contested case if the substantial rights of the appellant have been prejudiced because the decision was entered in violation of a constitutional or statutory provision. Tex. Gov't Code § 2001.174(2)(A).

### C. Audi's claims are properly brought in a suit for judicial review after exhaustion of administrative remedies.

If Audi is dissatisfied with this PFD and the subsequent final decision issued by the DMV, it will have a chance to argue and develop its case through a suit for judicial review in district court under the Administrative Procedure Act. Audi can then argue that the remand was improper. If it is dissatisfied with the actions of the district court, it will once again have the opportunity to appeal to this Court. This Court will, ultimately, have the opportunity to rule on whether the remand was proper.

### CONCLUSION AND PRAYER

For the reasons stated above, SOAH ALJs ask this Court to affirm the trial court's granting of the SOAH ALJ's Plea to the Jurisdiction.

11

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SHELLEY DAHLBERG
Associate Deputy Attorney General for Civil
Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

*/s/ Kimberly L. Fuchs*
KIMBERLY L. FUCHS
State Bar No. 24044140
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

ATTORNEYS FOR APPELLEES, THE
HONORABLE MICHAEL J. O'MALLEY AND
THE HONORABLE PENNY A. WILKOV, IN
THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE
STATE OFFICE OF ADMINISTRATIVE
HEARINGS

12

## CERTIFICATE OF COMPLIANCE

I certify that the Brief of Appellees O'Malley and Wilkov submitted complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 2,654. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word 2013.

Date: August 14, 2014

*/s/ Kimberly L. Fuchs*
KIMBERLY L. FUCHS
Attorney for Appellees
SOAH Administrative Law Judges
O'Malley and Wilkov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellees O'Malley and Wilkov has been served on August 14, 2015, on the following parties and/or counsel-of-record via electronic transmission, e-mail and/or facsimile:

S. Shawn Stephens
Texas Bar No. 19160060
James P. Sullivan
Texas Bar No. 24070702
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
sstephens@kslaw.com
jsullivan@kslaw.com

*Attorneys for Appellants*
*Volkswagen Group of Americas, Inc.*
*and Audi of America, Inc.*

J. Bruce Bennett
State Bar No. 02145500
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: (512) 322-0011
Facsimile: (512) 322-0808
jbb.chblaw@sbcglobal.net

*Attorneys for Appellees*
*Ricardo M. Weitz, Hi Tech Imports North,*
*LLC, Hi Tech Imports South, LLC, and*
*Hi Tech Imports, LLC*

Billy M. Donley
State Bar No. 05977085
Mark E. Smith
State Bar No. 24070639
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 751-1600
Facsimile:   (713) 751-1717
bdonley@bakerlaw.com
mesmith@bakerlaw.com

*Attorneys for Appellants*
*Volkswagen Group of Americas, Inc.*
*and Audi of America, Inc.*

William R. Crocker
State Bar No. 5091000
Attorney at Law
807 Brazos, Ste 1014
Austin, Texas 78701
P.O. Box 1418
Austin, Texas 78767
Telephone:  (512) 478-5611
Facsimile:   (512) 474-2540
crockerlaw@earthlink.net

*Attorney for Appellee*
*Budget Leasing, Inc. d/b/a*
*Audi North Austin and*
*Audi South Austin*

Joseph W. Letzer
State Bar No. 24030763
Dent M. Morton
State Bar No. 24056645
Burr & Forman, LLP
420 20TH Street N, Suite 3400
Birmingham, AL 35203-5210
Telephone: (205) 251-3000
Facsimile:  (205) 458-5100
jletzer@burr.com
dmorton@burr.com

*Attorneys for Appellees*
*Ricardo M. Weitz, Hi Tech Imports North,*
*LLC, Hi Tech Imports South, LLC, and*
*Hi Tech Imports, LLC*

Dennis McKinney
State Bar No. 13719300
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4020
Facsimile:  (512) 320-0167
dennis.mckinney@texasattorneygeneral.gov

*Attorney for Appellee*
*John Walker III, in his official capacity as*
*Chairman of the Texas Department of*
*Motor Vehicles Board*

*/s/ Kimberly L. Fuchs*
KIMBERLY L. FUCHS
Attorney for Appellees
SOAH Administrative Law Judges
O'Malley and Wilkov

14